(794 P.2d 668)

No. 64,143

STATE OF KANSAS, *Appellee*, v. SONJA L. LAND, *Appellant*.

Opinion filed June 29, 1990.

*Shannon Barks*, legal intern, *Lucille Marino*, assistant appellate defender, and *Jessica R. Kunen*, chief appellant defender, for the appellant.

*Michael C. Hayes*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before ABBOTT, C.J., BRAZIL, J., and FREDERICK N. STEWART, District Judge, assigned.

ABBOTT, C.J.: This is a direct appeal by Sonja L. Land from her convictions for one count of burglary and one count of misdemeanor theft. Land contends that the trial court erred in giving a jury instruction on accomplice testimony and that the complaint was defective because it was signed by a legal intern.

Land was tried with two codefendants, Jennie Land and Julie Berg.

Land's truck was observed leaving the abandoned Fairview Nursing Home in Oskaloosa by the son of the owner of the building. The son testified he recognized some of the scrap aluminum in Land's truck as items from inside the nursing home. The owner also testified that some of the items were from inside the nursing home, although he admitted that break-ins were common and that the items may have been outside of the building. No one actually saw any of the defendants enter the building. When Land's truck was stopped by a sheriff's deputy, Land told the officer that Jennie and Julie had not been with her when she picked up the items.

All three defendants were tried jointly. At trial, Land was the only defense witness. She testified that she and the two other defendants did drive up to the nursing home, but that they found some items lying in a large trash pile outside of the building. She testified that some items alleged to have come from the nursing home in fact came from other trash piles. She testified that neither she nor the other two defendants ever entered the building.

The trial court gave the following jury instruction without objection:

"An accomplice witness is one who testifies that she was involved in the commission of the crime with which she and the other defendants were charged. You should consider with caution the testimony of an accomplice."

Land maintains that this instruction prejudiced her and was improper.

Land's failure to object to the jury instruction at trial alters this court's standard of review:

"A party may not assign as error the giving or failure to give an instruction unless he objects to the instruction stating the specific grounds for the objection. Absent such objection, an appellate court may reverse only if the trial court's failure to give [or the giving of] the instruction was clearly erroneous. [Citations omitted.] The failure to give [or the giving of] an instruction is clearly erroneous only if the reviewing court reaches a firm conviction that if the trial error had not occurred there was a real possibility the jury would have returned a different verdict." *State v. DeMoss*, 244 Kan. 387, 391-92, 770 P.2d 441 (1989).

The jury instruction given in this case was taken from PIK Crim. 2d 52.18. Generally, this instruction is requested by a defendant when an accomplice has testified against him or her, often in hopes of favorable treatment by the State. The accomplice has motivation to provide testimony that the State wants. The Kansas Supreme Court has said, "When an accomplice testifies, and whether that testimony is corroborated or not, the better practice is for the trial court to give a cautionary instruction. If the instruction is requested and is not given, the result may be error." *State v. Moore*, 229 Kan. 73, 80, 622 P.2d 631 (1981).

When the accomplice testimony is favorable to the defendants, the justification for such an instruction may seem to be less than when the testimony is unfavorable. However, in *State v. Anthony*, 242 Kan. 493, 749 P.2d 37 (1988), the court adopted the minority view that the instruction may still be given under such circumstances. In *Anthony*, though, the accomplice was not a co-defendant.

A situation similar to *Anthony* was presented to the United States Supreme Court in *Cool v. United States*, 409 U.S. 100, 34 L. Ed. 2d 335, 93 S. Ct. 354 (1972). In *Cool*, the trial court had instructed the jury that it must ignore the favorable testimony of the accomplice unless it believed the testimony to be true beyond a reasonable doubt. The United States Supreme Court held that this impermissibly shifted the burden to the defendant. 409 U.S. at 102-03. In *Anthony*, the Kansas court said that the United States Supreme Court had "indicated it would have been

permissible for the trial court to have simply instructed the jury to view accomplice testimony with caution." *Anthony*, 242 Kan. at 500.

Here, however, the testifying accomplice was also a defendant. Thus, as to Land, this instruction directly told the jury to "consider with caution" her *testimony*.

In Kansas, the PIK committee recommends that, under normal circumstances, no separate instruction should be given on the credibility of a criminal defendant. PIK Crim. 2d. 52.10. In federal court, instructions on the credibility of criminal defendants are sometimes given. 1 Devitt and Blackmar, Federal Jury Practice and Instructions § 17.12 (1977), suggests the following instruction: "A defendant who wishes to testify is a competent witness; and the defendant's testimony is to be judged in the same way as that of any other witness." This instruction is, on its face at least, favorable to a criminal defendant.

Instructions that do point out the defendant's motive to lie are upheld in federal courts if the instructions are "balanced." For instance, in *United States v. Hill*, 470 F.2d 361 (D.C. Cir. 1972), the trial court had given the following instruction:

" 'A defendant is permitted to become a witness in his own behalf.

" 'His testimony should not be disbelieved merely because he is the defendant.

" 'In weighing his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial.

" 'You should give his testimony such weight as in your judgment it is fairly entitled to receive.' " 470 F.2d at 363.

The court upheld the instruction based on *Reagan v. United States*, 157 U.S. 301, 39 L. Ed. 709, 15 S. Ct. 610 (1895). For further federal cases on jury instructions on a defendant's credibility, see Annot., 59 A.L.R. Fed. 514.

The constitutional limit on a court's ability to comment on a defendant's credibility in a jury instruction seems to be that a court may point out to the jury that a defendant, as an interested party, has motivation to distort his testimony; however, the instruction must also be neutral or balanced and not single out the defendant as not to be believed.

Several older Kansas cases have considered instructions on defendant's credibility. In *State v. Buffington*, 71 Kan. 804, 81 Pac.

465 (1905), the court approved an instruction " 'that the defendant is a competent witness in his own behalf, and you have a right to consider his evidence and are to give it such faith and credit as you believe it entitled to receive.' " 71 Kan. at 810. The defendant argued that this instruction led the jury to believe it was optional for it to consider his testimony. The court said:

"Although not the best form of expression we do not think that it conveys the idea that the consideration of the defendant's evidence was optional with the jury, because in the same instruction they were specifically told to give his evidence such faith and credit as they believed it was entitled to receive. The general instruction given as to weighing the evidence in the case makes no exception of his, and it is impossible to think that the jury understood that they could overlook his testimony." 71 Kan. at 810.

In *State v. Killion*, 95 Kan. 371, 383, 148 Pac. 643 (1915), the court approved an instruction which told the jury that the defendant was a competent witness; that the fact that he was charged with a crime should not affect his credibility; that his evidence should be considered with all other evidence and circumstances; and that the jury might take into consideration his interest in the case. 95 Kan. at 383. The court said, "The instruction, on the whole, was intended to benefit the defendant, and the last clause was only stating a common rule that the jury have a right, in weighing evidence, to consider the interest of any witness in the case." 95 Kan. at 383.

It is, then, not error as a matter of law for a trial court in Kansas to give a neutral instruction on a defendant's credibility, although the wisdom of the practice is certainly questionable. As a matter of common sense, a jury knows that the defendant has an interest in the outcome of the case. Any instruction, even worded favorably to the defendant, seems to call undue attention to his status. As noted above, the PIK Committee recommends that there be no separate instruction on the defendant as a witness. PIK Crim. 2d 52.10. The PIK Committee instructs that PIK Crim. 2d 52.09 on Credibility of Witnesses be given in every criminal case. PIK Crim. 2d 52.09, being a general instruction concerning the credibility of all witnesses, is proper because it does not single out the defendant.

The instruction in this case referred to accomplice testimony. But, Land was testifying both as an accomplice and as a defend-

ant. In effect, the instruction told the jury to doubt Land's testimony. The instruction was not neutral. As applied to Land, it arbitrarily singled out her testimony and would cause a jury to scrutinize it differently than other testimony. The instruction was erroneous.

The evidence in this case was largely circumstantial. No one ever actually saw any of the defendants in the building. The owner admitted that the items could have been on a trash pile outside of the building. The entire theory of the defense, and the only testimony for the defense, was based on the fact that the items were outside the building. Thus, the instruction went to the heart of Land's defense. We are of the opinion that, without the erroneous instruction, there is a real possibility the jury would have returned a different verdict; thus, the giving of the instruction was clearly erroneous.

Land next argues that her convictions should be reversed because the complaint is only signed by a legal intern and not also by an attorney. Land may not maintain this argument on appeal. There was no objection to the complaint at trial. K.S.A. 1989 Supp. 22-3208(3) provides:

"Defenses and objections based on defects in the institution of the prosecution or in the complaint, information or indictment other than that it fails to show jurisdiction in the court or to charge a crime may be raised only by motion before trial. . . . Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver."

Here, Land suggests no cause for her failure to object at the proper time.

Reversed and remanded with instructions to set aside the verdict and grant the accused a new trial.