(843 P.2d 292)

No. 67,785

STATE OF KANSAS, *Appellee,* v. JOHN W. FORE and CAROL K. FORE, *Appellants.*

Opinion filed December 11, 1992.

*Thomas J. Burgardt,* of Calihan, Brown, Burgardt and Wurst, of Garden City, for the appellant John W. Fore.

*Rick Kittel,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for the appellant Carol K. Fore.

*Paula Sue Greathouse,* assistant county attorney, *Ricklin R. Pierce,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before DAVIS, P.J., LEWIS, J., and DAVID W. KENNEDY, District Judge, assigned.

DAVIS, J.: John W. Fore and Carol K. Fore appeal from convictions of aggravated criminal sodomy, indecent liberties with a child, and conspiracy to commit sexual exploitation of a child. Both defendants contend that the court erred by instructing the jury that lack of knowledge of the age of the minor was not a defense. The defendant, John Fore, additionally contends that the court erred by failing to define for the jury the term "sexually explicit conduct" as defined in K.S.A. 1991 Supp. 21-3516. We affirm.

Highly summarized, the facts are that Carol Fore had sexual intercourse with and performed oral copulation on C.Y., a 15-year-old male and that John Fore videotaped that conduct with Carol's knowledge and consent. Both defendants stipulated to the above facts, and C.Y.'s testimony confirmed the above facts.

## Age as a Defense

Both defendants claim that instruction No. 8, identical to PIK Crim. 2d 54.02 and based on K.S.A. 21-3202(2), requires us to reverse the defendants' convictions. Instruction No. 8 advised the jury that:

"It is not a defense that the accused did not have knowledge of the age of a minor, even though age is a material element of the crime with which he is charged."

K.S.A. 21-3202(2) provides:

"Proof of criminal intent does not require proof that the accused had knowledge of the age of a minor, even though age is a material element of the crime with which he is charged."

K.S.A. 21-3202(2) clearly provides that defendants' knowledge of C.Y.'s age is not a material element of the crimes charged. However, both defendants claim that the meaning of the instruction differs significantly from the meaning of the statute, and that the instruction erroneously eliminates a defense otherwise available to them.

Instruction No. 8, which is identical to PIK Crim. 2d 54.02, is a correct statement of Kansas law. Kansas law prohibits certain conduct with minors. The only possible relevance of the defen-

dants' knowledge of the victim's age is that defendants could claim that, absent knowledge that the victim was a minor, they lacked intent to commit the prohibited acts with a minor. However, K.S.A. 21-3202(2) provides that proof of intent does not require proof that the accused knew the age of the minor. Thus, any claim that the defendants did not know the victim was a minor is irrelevant. PIK Crim. 2d 54.02 accurately states the law; the trial court did not err by giving this instruction.

The defendant Carol Fore argues that a reasonable mistake about the victim's age should be a defense because other jurisdictions so hold. She bases this claim on a Minnesota statute that allows the defendant to assert a mistake about the victim's age as a defense to certain sex crimes.

The Minnesota sex crime statutes, unlike those in the State of Kansas, expressly state that in some circumstances mistake about age is an affirmative defense. It is apparent that the Minnesota legislature determined that mistake about age was available as a defense in some situations but not in others. Given this disparate treatment, the legislature had to specify when the defense was available and when it was not. The Minnesota legislature did so. Compare Minn. Stat. §§ 609.344(1)(a) (1990) and 609.345(1)(a) (1990) (mistake about age not available as a defense) with §§ 609.344(1)(b) (1990) and 609.345(1)(b) (1990) (mistake about age may be raised as a defense). In contrast, the Kansas Legislature expressly stated that lack of knowledge about a minor's age is not a defense to the crimes at issue here. Thus, any claim that mistake about age should be a defense to the crimes charged in Kansas finds no support in the Minnesota statutes.

Carol Fore also cites several cases from other jurisdictions in support of her claim that a reasonable mistake about the age of the minor should be a defense to the crimes charged. All of the cases she cites, however, are based upon statutes in those other jurisdictions that do not exist in the State of Kansas. The cases she cites are neither dispositive nor persuasive. Suffice it to say that K.S.A. 21-3202 expressly bars lack of knowledge about a minor's age as a defense to the crimes charged. PIK Crim. 2d 54.02 (instruction No. 8) is based on K.S.A. 21-3202 and correctly states Kansas law. The trial court did not err in giving this instruction.

#### Failure to Define "Sexually Explicit Conduct"

Because John Fore did not object to the specific instruction given the jury, the standard we apply in determining whether the trial court's failure to define "sexually explicit conduct" is whether such failure was clearly erroneous. In order to find that failure to give such an instruction was clearly erroneous, we must reach a "firm conviction that, if the trial error had not occurred, there was a real possibility the jury would have returned a different verdict." *State v. Land,* 14 Kan. App. 2d 515, Syl. ¶ 3, 794 P.2d 668 (1990); accord *State v. Perkins,* 248 Kan. 760, Syl. ¶ 8, 811 P.2d 1142 (1991).

The trial court's instruction did not expressly define "sexually explicit conduct." Yet, the very conduct of engaging in sexual intercourse and oral copulation with C.Y. fits within the statutory definition of "sexually explicit conduct." See K.S.A. 1991 Supp. 21-3516(2)(a). The defendants stipulated that such conduct occurred. Had the court included the statutory definition in its instruction to the jury, the jury would have had no choice but to find that sexually explicit conduct occurred.

The jury instruction given by the court required the jury to find that Carol Fore engaged in sexual intercourse and sodomy with a juvenile. The instruction expressly required the jury to find facts that fit within the statutory definition of "sexually explicit conduct." The failure to define such conduct was not clearly erroneous.

Affirmed.