NOT DESIGNATED FOR PUBLICATION

No. 120,367

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRADLEY LEON KREBS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARK S. BRAUN, judge. Opinion filed October 9, 2020.
Affirmed.

*Jason Zavadil*, of Irigonegaray, Turney, & Revenaugh, L.L.P., of Topeka, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and ATCHESON, JJ.

PER CURIAM: Bradley Leon Krebs pled guilty to indecent liberties with a child over the age of 14 but under the age of 16. Krebs was sentenced to 120 months in prison based on a criminal history score of B. Krebs then filed a timely pro se motion under K.S.A. 60-1507, which was denied on the merits.

On appeal, Krebs argues that the district court erred by denying his motion. Specifically, Krebs claims (1) that his trial counsel was ineffective for failing to have Krebs undergo a competency evaluation, (2) that the district court denied him due process

1

by granting the State's motion in limine prior to his plea, and (3) that his criminal history score was calculated incorrectly.

FACTUAL AND PROCEDURAL HISTORY

In December 2010, Krebs was charged with one count of aggravated indecent liberties with a child and one count of indecent liberties with a child. Both charges alleged that the victim was over the age of 14 but below the age of 16. Krebs pled guilty to indecent liberties and the State dismissed the charge of aggravated indecent liberties. The district court accepted Krebs' plea, finding that it was "freely, voluntarily and intelligently made."

Prior to sentencing, Krebs moved for a dispositional or durational departure from the guideline sentence. In support, Krebs argued that the victim was less than 45 days from turning 16 at the time of the crime and that the victim's age should be considered a mitigating factor. He also argued that the sexual contact was consensual, which he also believed should be considered by the judge as a mitigating factor. He noted that although he suffered from chronic mental illness, he was not a pedophile or typical sex offender. Accordingly, mental health treatment rather than jail would promote his reformation. Finally, Krebs argued that his criminal history score of B relied on double counting his prior misdemeanor conversions to create two person felonies. He believed this was also a mitigating factor.

The district court denied Krebs' motion, finding that there were not substantial and compelling reasons to grant a departure from the guideline sentence. On December 6, 2011, the court sentenced Krebs to the standard presumptive sentence for an individual with a criminal history of B—120 months. Krebs filed a timely notice of appeal.

The Kansas Court of Appeals summarily affirmed the conviction and the mandate issued in August 2013.

In July 2014, Krebs, pro se, filed a timely motion under K.S.A. 60-1507 contending that he was being unlawfully held based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), and referred to the unconstitutionality of the Kansas Sentencing Grid. No action was taken on the motion by the court and no response was filed by the State regarding the motion.

In April 2015, Krebs filed an untimely, pro se, "Motion to Correct Motion" which stated in essence that he incorrectly relied on *Murdock* in his first motion and it should have stated that he was claiming "Ineffective Assistance of Counsel, Prosecutorial Misconduct and unfair Judicial dealings and allowances, and unfair and unlawful sentencing in several manners." He emphasized that *Murdock* had nothing to do with his claims.

Within a few days, the State responded to Krebs' second motion arguing that the first motion was timely but had absolutely no legal basis to support it. The motion to correct was untimely and could not relate back to his first filing to make it timely because his new claims had no relation to his original claims.

Five months later, the district court appointed counsel to represent Krebs. Krebs' counsel promptly filed an amended motion under K.S.A. 60-1507. In his amended motion, Krebs argued: (1) trial counsel was ineffective for failing to realize Krebs was not competent to make or understand his plea, (2) the court pressured him into pleading by excluding evidence of his belief about the victim's age, (3) the State violated his due process rights by eliciting false testimony at sentencing, (4) his criminal history score was improperly calculated, making his sentence illegal, and (5) his appellate counsel was

ineffective for failing to raise all viable sentencing issues. He also alleged that he should be allowed to withdraw his plea.

The State filed a motion to summarily dismiss Krebs' motion as untimely. The State asserted that Krebs had not alleged any manifest injustice let alone sufficient evidence to bypass the one-year deadline.

Following a preliminary hearing on the motion, the district court denied Krebs' motion. As to its timeliness, the district court took responsibility for its delay in addressing the original motion. The court noted that it usually appoints counsel on all such motions and should have done so here when Krebs filed the motion. The court also noted that based on the claims made, the motion likely would have been dismissed. "A review of the records and files of [Krebs'] criminal case clearly indicate that [Krebs] would not have been entitled to any relief based on *Murdock*." The court noted that Krebs sent several letters to the court inquiring about the status of his case, mentioning ineffective assistance of counsel and unfair rulings before he filed the "Motion to Correct Motion" that finally got the State's attention. But it was another five months before the court appointed an attorney to assist Krebs and granted counsel permission to amend and supplement Krebs' pro se pleadings. The court found the motion to be timely filed under the circumstances and addressed the merits.

The court went on to dismiss the first motion as having no grounds for the relief sought based on *Murdock*. It then addressed Krebs' remaining supplemental claims (some were withdrawn by Krebs prior to or during the hearing).

Finding that Krebs' arguments were conclusory and unsupported by a factual basis, were inapplicable in the context of a motion under K.S.A. 60-1507, and were unpersuasive, the district court denied all of Krebs' claims.

4

Krebs timely appealed.

ANALYSIS

As an initial matter, the State briefly argues that Krebs' motion was untimely and therefore the court erred by not dismissing it. However, the State acknowledges that it did not cross-appeal the district court's determination to consider the untimely claims. Under the unique circumstances of this case, we will proceed to address the merits of Krebs' claims on appeal.

Krebs raises three claims of error on appeal. We note that as to all three issues, the district court held a preliminary hearing to admit limited evidence and consider arguments of counsel. When reviewing the court's rulings after such a hearing, the appellate court must give deference to any factual findings made by the district court. We are to determine whether the findings are supported by substantial competent evidence and whether those findings are sufficient to support its conclusions of law. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007). The appellate court, however, has unlimited review over the district court's conclusions of law and its decision to grant or deny the K.S.A. 60-1507 motion. *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

*The district court did not err by finding that Krebs' trial counsel was not ineffective for failing to investigate Krebs' competency.*

For his first issue on appeal, Krebs argues that the district court erred when it declined to find that his trial counsel was ineffective for failing to investigate Krebs' competency to make a plea.

To prevail on a claim of ineffective assistance of trial counsel, a criminal defendant is required to establish (1) that the performance of defense counsel was

5

deficient under the totality of the circumstances, and (2) that the deficient performance prejudiced the defendant. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]). To show prejudice, the defendant must show that there is a reasonable probability that but for counsel's ineffectiveness, the result of the proceeding would have been different. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

At the hearing, Krebs alleged that he was incapable of understanding the terms of the plea deal and that his counsel was aware that he was incapable of understanding but did not seek a competency evaluation. He stated in his motion that had his competency been evaluated he would not have been allowed to enter a plea.

Evidence was submitted and considered by the court that Krebs underwent a mental health evaluation before entering his plea. Albeit, his evaluation was a psychosexual evaluation as opposed to an evaluation to determine competency. Dr. Stanley Mintz, a clinical and forensic psychologist, examined Krebs. Dr. Mintz noted that Krebs had obsessive compulsive disorder, depression, and a substance abuse disorder. But he also noted that Krebs did not suffer from any brain damage and could read and write well. In fact, he classified him as of average intelligence, "bright," and capable of functioning well vocationally and "going to junior college or beyond." The district court referenced Dr. Mintz' report when addressing Krebs' motion.

The district court also noted Krebs' responses in a very thorough plea hearing. Krebs was asked, multiple times and in multiple ways, whether he understood the consequences of his pleading guilty to the charge. When Krebs expressed that he was confused about part of the plea process, the district court gave Krebs time to consult with his counsel. The district court was clear that Krebs was facing prison time but that he was free to argue that a departure was appropriate. The court also took pains to explain that

6

the State was not agreeing to a departure and that the court was not bound by any agreement and would determine an appropriate sentence after considering the parties' arguments. Krebs said that he understood everything and indicated that he had no questions.

Krebs failed to show that his trial counsel's performance was deficient. There was no indication that Krebs was incompetent so trial counsel would have no reason to request a competency evaluation. By all evidence available, Krebs knew what he was doing and was competent to enter his plea. The district court's conclusions are supported by substantial competent evidence and are sufficient to support its conclusion that Krebs' trial counsel was not ineffective for failing to pursue a competency determination.

*The district court did not coerce Krebs' plea by granting the State's motion in limine.*

For his second argument on appeal, Krebs argues that the district court essentially coerced him into pleading guilty when it ruled that Krebs could not present evidence of Krebs' knowledge, or lack thereof, of the victim's age. He asserts that the inability to present such evidence was in error because it "denied him of due process because he was unable to adequately defend himself."

To the extent that Krebs is arguing that the district court erred in denying relief under the K.S.A. 60-1507 motion, the standard of review remains the same as above.

Kansas law provides that the State is not required to prove "that the accused had knowledge of the age of a minor, even though age is a material element of the crime with which the accused is charged." K.S.A. 2019 Supp. 21-5204(b) (formerly K.S.A. 21-3202). Similarly, under K.S.A. 2019 Supp. 21-5506 (formerly K.S.A. 21-3503 and K.S.A. 21-3504), neither aggravated indecent liberties with a child or indecent liberties with a child require the State to prove that the defendant knew the victim's age. The

7

Kansas PIK instructions recommend the following instruction in such cases: "It is not a defense that the defendant did not know the age of a minor, even though age is a material element of the crime with which the defendant is charged." PIK Crim. 4th 52.030 (2018 Supp.). As this court has found,

> "The only possible relevance of the defendants' knowledge of the victim's age is that defendants could claim that, absent knowledge that the victim was a minor, they lacked intent to commit the prohibited acts with a minor. However, K.S.A. 21-3202(2) provides that proof of intent does not require proof that the accused knew the age of the minor. Thus, any claim that the defendants did not know the victim was a minor is irrelevant." *State v. Fore*, 17 Kan. App. 2d 703, 704-05, 843 P.2d 292 (1992).

Krebs does not dispute the law, however his sole argument at the hearing on this motion was that he should have been allowed to present this evidence to promote jury nullification. When questioned by the district court, he was unable to provide any legal support for such a position. Accordingly, the district judge's ruling on the motion in limine was not in error, so it could not have served as a justifiable basis to coerce Krebs into entering a plea. And Krebs said during the plea colloquy that no one had forced, coerced, or threatened him to enter a plea, nor had anyone made any promises to him. The district court's conclusions that there was no coercion based on its rulings are supported by substantial competent evidence and are sufficient to support its legal conclusion that Krebs is not entitled to relief.

Moreover, as noted by the district court, if Krebs believed that the ruling was in error, then a trial followed by a direct appeal on the issue would have been the appropriate avenue to pursue this issue. A 60-1507 motion is ordinarily not a substitute for a direct appeal involving mere trial errors. Supreme Court Rule 183(c)(3) (2020 Kan. S. Ct. R. 223).

*The district court correctly calculated Krebs' criminal history score.*

Krebs' motion was filed under K.S.A. 60-1507. So consistent with that filing, at the preliminary hearing on his motion, he argued that his counsel was ineffective because he "failed to raise available sentencing issues." He asserted that counsel should have argued that Krebs only had one prior person felony, domestic battery, making him a criminal history C instead of B. Counsel argued that K.S.A. 2010 Supp. 21-4710(d)(11) was the applicable statute, because Krebs' crime was committed in October 2010. That statute provided:

> "Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level *or applicable penalties*, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored." (Emphasis added.) K.S.A. 2010 Supp. 21-4710(d)(11).

Counsel argued that *State v. Smith*, 299 Kan. 962, 327 P.3d 441 (2014), controlled. He argued that based on *Smith*, which also involved the 2010 statute, Krebs' two prior domestic battery convictions had already been used to enhance his third domestic battery conviction to a felony, so they could not be used a second time by combining them with another misdemeanor person crime to create a person felony. Krebs contended that counsel was ineffective for not making that argument to the court. The district court considered Krebs' legal argument and properly distinguished the *Smith* case from the facts here. *Smith* involved using priors to enhance individual sentences in the case before the court. So once a prior aggravated indecent liberties offense was used to enhance Smith's sentence from 25 to 40 years on his present aggravated indecent liberties case, it could not be used again. That offense was taken off the table when it came to determining Smith's criminal history score in the case before the court. The district judge correctly noted that Krebs' priors were not used for any enhancements in the case before the

court—only in determining his criminal history score, so *Smith* did not apply. Counsel was not ineffective for failing to make an argument that would not have succeeded.

On appeal, Krebs' argument shifts away from ineffective assistance of counsel to whether Krebs received an illegal sentence. Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

Appellate counsel relies on the current language of K.S.A. 2019 Supp. 21-6810(d)(10) to establish the illegality of Krebs' sentence. He makes no mention of *Smith* or the 2010 version of the statute. But he essentially makes the same argument. The current statutory language was adopted in July 2011 and differs slightly from the 2010 version. See L. 2011, ch. 30, § 78.

> "Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored." K.S.A. 2019 Supp. 21-6810(d)(10).

Krebs repeats the argument made to the district court that the court was prohibited from using his two misdemeanor domestic battery cases in any way to calculate his criminal history score because those convictions had been used in a prior case to enhance his conviction from a misdemeanor domestic battery to a felony.

This court has recently addressed a similar issue in *State v. Wilmore*, 57 Kan. App. 2d 469, 476, 453 P.3d 1192 (2019), *rev. denied* 311 Kan. ___ (July 28, 2020). In *Wilmore*, this court held that a defendant's prior misdemeanor domestic battery convictions could be used to enhance the defendant's criminal history score even if they had been used to enhance a third prior domestic battery to a felony. In *Wilmore*, the

defendant was convicted of two counts of indecent liberties with a child. His criminal history score was calculated as A based, in part, on his prior felony conviction for domestic battery which was considered a felony due to two prior misdemeanor convictions for domestic battery. The misdemeanor domestic battery convictions were also aggregated with a third person misdemeanor to form an additional person felony for criminal history purposes.

On appeal, Wilmore argued that the district court impermissibly double counted the misdemeanor domestic battery convictions when it aggregated them to form an additional person felony. This court held that the Kansas Sentencing Guidelines Act (KSGA) has no provision that prevented the "first two domestic battery convictions from being counted as part of his criminal history . . . just because the same two convictions were used to elevate the classification of a domestic battery conviction from a misdemeanor to a felony in an earlier case." 57 Kan. App. 2d at 476. As this court noted, to hold otherwise "would effectively negate the progressive penalties the Legislature has enacted for recidivist offenders." 57 Kan. App. 2d at 475.

Ultimately, this court held that a district court may "aggregate[] prior domestic battery person misdemeanors to create a person felony for criminal history purposes even when those same domestic battery convictions were used in an earlier case to elevate a domestic battery charge from a misdemeanor to a felony." 57 Kan. App. 2d at 476. The court cited several unpublished opinions of this court dating back to 2004, under both versions of the statute, that reached the same conclusion.

The situation here is the same as in *Wilmore* and we agree with the panel's reasoning in that case and with all those before it. Krebs' sentence was based, in part, on the aggregation of misdemeanor domestic battery convictions. Those misdemeanor convictions were also used to enhance a third domestic battery conviction to a felony *in a different case*, which was then used to calculate Krebs' criminal history score here. This

11

is permissible under the KSGA. See 57 Kan. App. 2d at 476. Accordingly, we find that the district court did not err in calculating Krebs' criminal history score. Krebs received a legal sentence.

Affirmed.