NOT DESIGNATED FOR PUBLICATION

No. 122,091

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES M. COCHRAN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed November 20, 2020. Affirmed.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., MALONE, J., and WALKER, S.J.


PER CURIAM: James M. Cochran was charged with three counts of rape of a minor under the age of 14. Cochran pled no contest to the charges and was granted a departure sentence. Cochran filed a direct appeal which was unsuccessful. He also filed an unsuccessful collateral appeal. Cochran filed a timely motion under K.S.A. 60-1507 and subsequently amended the motion after the one-year time limitation raising some new issues.

1

After hearing arguments from the parties, the district court summarily dismissed Cochran's motion finding that he was not entitled to relief. Cochran appeals arguing that the district court erred in dismissing his motion. Finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

The underlying facts in this case can be found in *State v. Cochran*, No. 110,019, 2014 WL 4080162, at *1-2 (Kan. App. 2014) (unpublished opinion). In short, Cochran was charged with three off-grid counts of rape of a minor under the age of 14 in violation of K.S.A. 2010 Supp. 21-3502(a)(2). Cochran accepted a plea agreement and pled no contest in exchange for the State recommending a departure to the Revised Kansas Sentencing Guidelines Act sentencing grid. Cochran was also able to request an additional durational departure from the guideline sentence.

The district court granted Cochran's request to depart to the grid but declined his request for an additional durational departure. The court sentenced Cochran to 332 months in prison. Cochran appealed, and this court upheld his conviction and sentence. 2014 WL 4080162, at *6. The mandate in this appeal was filed on July 24, 2015.

While the first appeal was pending, Cochran filed a pro se motion with the district court seeking transcripts that he claimed were necessary for an appeal in the federal court. *State v. Cochran*, No. 113,935, 2016 WL 3597606, at *1 (Kan. App. 2016) (unpublished opinion). The district court denied the motion. This court affirmed the denial. 2016 WL 3597606, at *3. The mandate in the second appeal was filed on August 15, 2016.

Cochran subsequently filed a timely pro se motion under K.S.A. 60-1507. In his motion, Cochran alleged that his trial and appellate attorneys were ineffective, the judge

2

erred on evidence rulings, the prosecutor committed misconduct, and he was denied various rights. The district court appointed Cochran counsel in April 2017.

In June 2017, Cochran filed an amended motion under K.S.A. 60-1507. In his amended motion, Cochran raised several issues which are listed below.

- His trial counsel was ineffective because he insisted there was no defense to the crimes charged even though Cochran asserted that he did not know his victim was 13 years old.
- Trial counsel was ineffective because he failed to inform Cochran of the possible sentences he might receive as a result of his no contest plea.
- Trial counsel was ineffective because he failed to have Cochran psychologically evaluated before the plea agreement and failed to rely on Cochran's depression as a mitigating factor at sentencing.
- Trial counsel was ineffective for failing to object to a picture of his victim being admitted as evidence.
- Trial counsel was ineffective for failing to preserve Cochran's right to a speedy trial.
- The district court failed to inform Cochran of the possible sentence he might face as a result of his plea.
- Cochran was legally innocent because he did not intend to have sexual intercourse with a minor.
- Cochran's conviction was manifestly unjust.

Cochran also asserted that if his filing was untimely, it was the result of excusable neglect.

3

In February 2019, after argument by the parties, the district court found that "three claims in the Movants Addendum (6-20-17) relate back to his original Petition." The remaining issues did not relate back, were untimely, and the court found there was no manifest injustice warranting an exception.

In September 2019, the district court denied Cochran's motion. In its order, the court clarified that in February 2019, the parties agreed that three issues related back to the original motion: "ineffective assistance for not having movant psychologically evaluated before the plea was entered; ineffective assistance for not protecting movant's right to a speedy trial; and legal innocence/sufficiency of the evidence."

The court determined that many of Cochran's claims were factually incorrect or conclusory without evidence to back the assertions up. As will be discussed later, Cochran relies on three claims on appeal—whether his plea was involuntary based on his mental state, ineffectiveness of counsel based on his trial counsel advising the district court that Cochran was fit to enter a no contest plea, and his trial counsel was ineffective for failing to inform Cochran about a mistake of fact defense.

As to whether his plea was involuntary based on his mental state, the court found that the record did not support his claims and that Cochran knowingly and voluntarily entered his plea. For the second issue, the court found that Cochran's trial counsel was not ineffective for failing to have Cochran psychologically evaluated. Cochran spoke about his mental health issues and explained that they would not impact his ability to understand what was happening. Finally, the court found that trial counsel was not ineffective for failing to inform Cochran about a possible mistake of fact defense because the defense was precluded by statute and would have been an objectively unreasonable representation.

Cochran timely appealed.

ANALYSIS

On appeal, Cochran argues the district court erred by determining that some of his claims were time barred and by dismissing his motion.

*Our standard of review is de novo.*

When the district court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

*We examine the law related to K.S.A. 60-1507 motions.*

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence that either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2019 Supp. 60-1507(b) (grounds for relief); Supreme Court Rule 183(g) (2020 Kan. S. Ct. R. 223) (preponderance burden).

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

In addition to the substantive requirements, a motion under K.S.A. 60-1507 must be filed within one year from when a conviction becomes final. K.S.A. 2019 Supp. 60-1507(f)(1). The one-year time limitation for bringing an action under K.S.A. 2019 Supp. 60-1507(f)(1) may be extended by the district court only to prevent a manifest injustice. K.S.A. 2019 Supp. 60-1507(f)(2).

"An amendment to a motion for relief under K.S.A. 60-1507 that asserts a new ground for relief which is supported by facts that differ in both time and type from those grounds set forth in the original motion does *not* relate back to the date of the original motion, so as to circumvent the 1-year limitation of K.S.A. 60-1507(f)(1)." (Emphasis added.) *Pabst v. State*, 287 Kan. 1, Syl. ¶ 7, 192 P.3d 630 (2008).

"If an amendment to a K.S.A. 60-1507 motion is permitted, the timeliness of amended claims is subject to the *Pabst* time and type test enunciated in K.S.A. 60-215(c), *i.e.*, relation back is permitted only if the new claims arose 'out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" *Thompson v. State*, 293 Kan. 704, 714, 270 P.3d 1089 (2011).

*We assume, without deciding, that all Cochran's claims were timely.*

Cochran begins by arguing that the district court erred when it held that "some" of the claims in his amended motion were time barred. He argues that the final mandate in his criminal case was filed on August 2016—the mandate associated with his second appeal to this court. However, the second mandate is not what controls. The mandate that issued in August 2016 related purely to a collateral issue in Cochran's case, it was not related to his actual conviction and sentence. *Cochran*, 2016 WL 3597606, at *1-3.

Instead, the mandate associated with his first appeal is what sets the controlling date for time limitations. The first case was related to his actual conviction, sentence, and issues surrounding the trial. *Cochran*, 2014 WL 4080162, at *6. That mandate was issued

6

on July 24, 2015, and that date controls the one-year time limitation. See K.S.A. 2019 Supp. 60-1507(f)(1)(A). Thus, Cochran had until July 24, 2016, to file a timely motion under K.S.A. 60-1507. Cochran's first motion was filed on July 19, 2016, within the one-year time limitation. However, his amended motion was filed in June 2017, outside the one-year time limitation. Any claim in the amended motion would be time barred unless it related back to a claim in his original motion. See *Thompson*, 293 Kan. at 714.

Cochran is not particularly clear on which claims he believes relate back to the original motion, but presumably, it is the claims that his counsel was ineffective for informing the court that Cochran was competent to enter a plea and failing to raise a mistake of fact defense. But even if we assume that those claims properly relate back to Cochran's initial motion, the outcome does not change. Cochran's arguments are unpersuasive.

*Cochran has failed to set forth an evidentiary basis to support his claim that his plea was not entered voluntarily.*

Cochran's first claim on appeal is that his plea was not voluntary because he was not capable of understanding the consequences of his plea due to his mental health issues and the medication he was taking to address those issues. In his amended motion and request for hearing, Cochran claims that if given a hearing on this matter, he would call his doctor, "Dr. Osio to be a witness in these proceedings to testify and substantiate his claims of severe depression and the effects and symptoms of said depression upon Mr. Cochran's life." He also states that if granted a hearing he will

> "move to have a psychologist, or forensic certified psychiatrist consulted, and secured to do an in depth evaluation on Mr. Cochran including but not limited to a clinical evaluation of Mr. Cochran's medical records from Dr. Osio and his medical psychiatric records from the Sedgwick County Detention Center, and to call said psychologist and or

7

forensic certified psychiatrist as an expert witness to support his claim of ineffective assistance of counsel against [trial counsel]. In that had [trial counsel] consulted, secured, and used said psychologist, and or forensic certified psychiatrist the there is a likelihood that the outcome of the proceedings would have been different."

However, the record shows that Cochran was aware of the consequences of his plea and knowingly and voluntarily entered his no contest plea. Cochran signed an acknowledgement of his rights which set out his rights, how they would be impacted by a plea, and the potential sentences he faced. In addition, the district court went through Cochran's rights in a plea colloquy. Cochran agreed that he understood his rights. The court also informed Cochran of the possible sentence he was facing and the potential benefit of Cochran's agreement to plead no contest.

At one point during the plea colloquy, Cochran hesitated and spoke with his defense counsel. The district court gave him time to do so and again asked if he desired to enter a plea of no contest. Cochran said that he did. When asked whether he had taken any drugs or medications that might impact his ability to understand his rights or the consequences of his plea, Cochran said "[n]ot that I'm aware of." Cochran did say that he was taking Prozac and Haldol for depression but indicated that he was taking them at the prescribed dosage and frequency. He also said that he did not think that the medication was causing him any difficulties in understanding his rights, the charges, or the impact of his no contest plea.

Cochran offers no evidence that his depression or the medication he took to treat his depression caused him to be unable to knowingly and voluntarily enter his no contest plea. And he presents nothing more than speculation that Dr. Osio or any clinical evaluation of his records from the Sedgwick County jail would suggest otherwise. On the contrary, the record indicates that Cochran was well aware of the consequences of his

8

plea and that he made the calculated decision to enter the plea. Thus, the district court did not err when it summarily dismissed this claim.

*The district did not err when it dismissed Cochran's claim that his trial counsel was ineffective for failing to advise the court that he was incompetent to enter a plea.*

Next, Cochran argues the district court erred when it dismissed his claim that his trial counsel was ineffective because his trial counsel advised the district court that Cochran was competent to enter a no contest plea given Cochran's depression. But the same facts stated above apply to this argument. Cochran stated that he had depression but that he was taking medication to address it. He acted appropriately at hearings and acknowledged his rights and the consequences of his decision to plead no contest. He gave his counsel no reason to inform the court that Cochran was not capable of entering a plea of no contest. Additionally, Cochran told the district court that he was satisfied with his trial counsel's services and that no promises or threats were made in order to induce him to plead no contest. As above, the district court did not err when it summarily dismissed Cochran's claim that his counsel was ineffective for not informing the district court that Cochran was not fit to enter a plea of no contest.

*Trial counsel was not ineffective for failing to raise a mistake of fact defense.*

Finally, Cochran argues that the court erred when it dismissed his claim that his trial counsel was ineffective for failing to raise a mistake of fact defense. Cochran argues that because he did not know his victim was 13 years old, he could not be guilty of rape. However, Cochran is incorrect, and his counsel was not required to raise the possibility of an ineffective defense.

Under K.S.A. 2010 Supp. 21-3202(2) [now K.S.A. 2019 Supp. 21-5204(b)] the State is not required to prove that "the accused had knowledge of the age of a minor, even

9

though age is a material elemental of the crime with which he is charged." The statute could not be clearer. As this court held in *State v. Fore*, 17 Kan. App. 2d 703, 704, 843 P.2d 292 (1992), K.S.A. 21-3202(2) provides that a defendant's knowledge, or lack thereof, of a minor's age is not a material element to certain crimes, such as those that Cochran was charged with here. The court in *Fore* continued by holding that K.S.A. 21-3202 "expressly bars lack of knowledge about a minor's age as a defense." 17 Kan. App. 2d at 705.

Cochran seems to concede this in his appellate brief but argues that his attorney would have been allowed to propose a mistake of fact instruction to the court so that he could then challenge the existing law on appeal. But this case did not go to trial, Cochran entered a plea. Given that it was a plea, both Cochran and his attorney raised this issue at every stage. Cochran told the district judge at the plea hearing and at sentencing that he did not know that the victim was only 13. Likewise, his attorney listed this fact in his departure motion as a basis to further depart from the presumptive guidelines sentence.

The district court did not err by summarily dismissing this claim. Cochran's trial attorney did not err in not raising a mistake of fact defense because there was no defense to raise.

While Cochran raised several other points in his original and amended motion, he does not advance those arguments on appeal. Rather he confines himself to the three arguments discussed above. An issue not briefed is deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). Thus, this court need not address the other issues raised by Cochran in his motions.

Affirmed.